IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

SANDRA MARIE MOORE,
    Plaintiff,

vs.                                                      Case No.: 3:10cv279/RV/EMT

ROY LYNN,
    Defendant.
_____/

## REPORT AND RECOMMENDATION

        Plaintiff, a non-prisoner proceeding pro se and in forma pauperis, commenced this action by filing a complaint for damages pursuant to 42 U.S.C. § 1983 (Doc. 1). Upon review of the complaint, the court determined that Plaintiff's allegations failed to state a claim as to one or more of the named Defendants and, therefore, directed Plaintiff to clarify her allegations in an amended complaint (*see* Doc. 5). Plaintiff's amended complaint is now before the court (Doc. 7).[1]

        Because Plaintiff is proceeding in forma pauperis, the court may dismiss the case if satisfied that the action is "(i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). A complaint is frivolous under section 1915(e) "where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325, 109 S. Ct. 1827, 1833, 104 L. Ed. 2d 338 (1989). Dismissals on this ground should only be ordered when the legal theories are "indisputably meritless," *id.*, 490 U.S. at 327, or when the claims rely on factual allegations that are "clearly baseless." Denton v. Hernandez, 504 U.S. 25, 31, 112 S. Ct. 1728, 1733, 118 L. Ed. 2d 340

---

[1] In her original complaint, Plaintiff named three Defendants: Warrington Fire Department; Roy Lynn, Manager of the Warrington Fire Department; and Chief of the Warrington Fire Department (*see* Doc. 1 at 1, 2). Her amended complaint names only Roy Lynn (*see* Doc. 7 at 1, 2).

(1992). Dismissals for failure to state a claim are governed by the same standard as Federal Rule of Civil Procedure 12(b)(6). Mitchell v. Farcass, 112 F.3d 1483, 1485 (11th Cir. 1997). The allegations of the complaint are taken as true and are construed in the light most favorable to Plaintiff. Davis v. Monroe County Bd. Of Educ., 120 F.3d 1390, 1393 (11th Cir. 1997). The complaint may be dismissed if the facts as pled do not state a claim to relief that is plausible on its face. *See* Bell Atl. Corp. v. Twombly, 550 U.S. 544, 127 S. Ct. 1955, 1968–69, 1974, 167 L. Ed. 2d 929 (2007) (retiring the often-criticized "no set of facts" language previously used to describe the motion to dismiss standard and determining that because plaintiffs had "not nudged their claims across the line from conceivable to plausible, their complaint must be dismissed" for failure to state a claim). Upon review of the complaint, the court concludes that dismissal of this action is warranted.

I.   FACTS[2]

On October 10, 2004, Plaintiff's car burned in the parking lot of the Family Dollar Store (Doc. 7 at 3). The Warrington Volunteer Fire Department ("Fire Department") responded to the scene (*id.*). Defendant Roy Lynn was the shift supervisor of the Fire Department (*id.*). Mr. Lynn never notified the Florida Highway Patrol of the fire; and the fire was never properly investigated (*id.*). Just prior to the fire, Plaintiff had a new fuel pump installed at a local car repair shop (*id.*). Mr. Lynn was a good friend of Mr. Fred Wilson, the owner or manager of that car repair shop (*id.* at 3–4). Plaintiff claims that Mr. Lynn's failure to notify the Florida Highway Patrol or other authorities of the fire violated federal law because he covered-up evidence of two crimes, attempted murder and arson (Plaintiff and her granddaughter were in the car at the time the fire ignited (*see* Doc. 1) (*id.* at 4). Plaintiff also alleges Mr. Lynn's failure to notify the proper authorities was motivated by the fact that Plaintiff is black (*id.*). As relief, Plaintiff seeks monetary damages in the amount of $100,000.00 (*id.*). She also seeks to file criminal charges against Mr. Lynn (*id.*).

II.   ANALYSIS

---

[2] The court conveys as facts the factual allegations in Plaintiff's amended complaint (Doc. 7).

It is well recognized that in any section 1983 action, the initial inquiry must focus on whether two essential elements are present:

> 1. whether the conduct complained of was committed by a person acting under color of state law; and
>
> 2. whether this conduct deprived a person of rights, privileges, or immunities secured by the Constitution or laws of the United States.

Parratt v. Taylor, 451 U.S. 527, 535, 101 S. Ct. 1908, 1912, 68 L. Ed. 2d 420, 428 (1981), *overruled on other grounds*, Daniels v. Williams, 474 U.S. 327, 106 S. Ct. 662, 88 L. Ed. 2d 662 (1986); Duke v. Cleland, 5 F.3d 1399, 1403 (11th Cir. 1993) (citing Parratt).

In the instant case, assuming the Plaintiff properly alleged "state action," she has failed to show that Defendant Lynn deprived her of a federal right. She does not identify any federal constitutional provision or statute that Defendant Lynn allegedly violated. Liberally construing her complaint as asserting a violation of her due process rights, she has failed to state a constitutional violation. The Due Process Clause of the Fourteenth Amendment provides that no state "shall . . . deprive any person of life, liberty, or property, without due process of law." U.S. Const. amend. XIV, § 1. The Due Process Clause gives rise to two different constitutional doctrines: procedural due process and substantive due process. McKinney v. Pate, 20 F.3d 1550, 1555 (11th Cir. 1994). These doctrines are distinct in that a "violation of a substantive due process right . . . is complete when it occurs[,]. . . . and no amount of process can justify its infringement. By contrast, a procedural due process violation is not complete 'unless and until the State fails to provide due process.'" *Id.* at 1557 (quoting Zinermon v. Burch, 494 U.S. 113, 123, 110 S. Ct. 975, 982, 108 L. Ed. 2d 100 (1990)).

Plaintiff has failed to state a claim of a substantive due process violation. "The substantive component of the Due Process Clause protects [only] those rights that are 'fundamental,' that is, rights that are 'implicit in the concept of ordered liberty.'" Behrens v. Regier, 422 F.3d 1255, 1264 (11th Cir. 2005) (quoting McKinney v. Pate, 20 F.3d 1550, 1556 (11th Cir. 1994) (en banc )). The Eleventh Circuit has further explained that "[f]undamental rights are those rights created by the Constitution." Greenbriar Village, L.L.C. v. Mountain Brook, City, 345 F.3d 1258, 1262 (11th Cir. 2003). Additionally, in cases involving non-custodial relationships, such as here, a government

actor's conduct that would amount to an intentional tort under state law only qualifies as a substantive due process violation if it is arbitrary or "shocks the conscience." *See* Tinker v. Beasley, 429 F.3d 1324, 1328–29 (11th Cir. 2005) (concluding that police officers' falsely informing a suspect about the status of her legal representation before questioning her about a murder did not "shock the conscience" so as to violate the suspect's substantive due process rights). In the instant case, Mr. Lynn's failure to notify any investigative authorities of the fire does not implicate a fundamental right, nor does this conduct "shock[ ] the conscience." Therefore, the allegations fail to state a substantive due process claim.

Plaintiff's allegations additionally fail to state a procedural due process claim. "Procedural due process rules are meant to protect persons not from the deprivation, but from the mistaken or unjustified deprivation of life, liberty, or property." Arrington v. Helms, 438 F.3d 1336, 1347 (11th Cir. 2006) (internal quotation marks omitted) (quoting Carey v. Piphus, 435 U.S. 247, 259, 98 S. Ct. 1042, 1050, 55 L. Ed. 2d 252 (1978)). Thus, a claim alleging the denial of procedural due process, under 42 U.S.C. § 1983, requires proof of three elements: "(1) a deprivation of a constitutionally-protected liberty or property interest; (2) state action; and (3) constitutionally-inadequate process." *Id.* (quotation omitted); *see also* Cotton v. Jackson, 216 F.3d 1328, 1331 (11th Cir. 2000) ("It is the state's failure to provide adequate procedures to remedy the otherwise procedurally flawed deprivation of a protected interest that gives rise to a federal procedural due process claim.").

In the instant case, Plaintiff's allegations fail to show that she was deprived of a constitutionally-protected liberty or property interest. A public official or agency has no affirmative constitutional duty to a member of the public to investigate or intervene on an alleged crime (in this case, alleged attempted murder and arson). *See* United States v. Spence, 719 F.2d 358, 361 (11th Cir.1983); *see also* DeShaney v. Winnebago County Dep't of Soc. Serv., 489 U.S. 189, 195–97, 109 S. Ct. 998, 103 L. Ed. 2d 249 (1989) (holding that Due Process Clause generally does not impose affirmative duty on states to aid or protect their citizens); Andrews v. Fowler, 98 F.3d 1069, 1078 (8th Cir. 1996); Scher v. Chief Postal Inspector, 973 F.2d 682, 683–84 (8th Cir. 1992); Gomez v. Whitney, 757 F.2d 1005, 1006 (9th Cir. 1985); Beard v. O'Neal, 728 F.2d 894, 899 (7th Cir. 1984). Furthermore, to the extent Plaintiff suggests Defendant Lynn's failure to contact the proper

investigative authorities deprived her of a property interest (for example, the ability to seek financial recovery against the car repair shop or its owner or both), she has not alleged that there was no state court recourse available to correct Defendant's action. Plaintiff's allegations in her original complaint suggest she pursued a state court action against the Fire Department but was unsuccessful (*see* Doc. 1 at 4).[3] Further, Florida law provides a procedure for review of orders and judgments of small claims courts by circuit courts. *See* Fla. Small Claims Rules 7.230; Fla. R. App. P. 9.030(c)(1)(A). Therefore, Plaintiff has failed to show there was an inadequate state procedure to remedy the alleged deprivation. *See, e.g.*, Mickens v. Tenth Judicial Circuit, 181 Fed. Appx. 865, 2006 WL 1388739 (11th Cir. 2006) (unpublished) (allegations by pro se property owners against county officials, that officials conspired with each other to fraudulently convey owners' real property, failed to state claim against officials for violation of procedural due process rights, where owners failed to allege either a constitutionally inadequate process, or that the county officials failed to provide adequate procedures).[4]

To the extent Plaintiff asserts an equal protection claim, the claim is also subject to dismissal. The Equal Protection Clause of the Fourteenth Amendment requires the government to treat similarly situated people alike. City of Cleburne v. Cleburne Living Ctr., 473 U.S. 432, 439, 105 S. Ct. 3249, 3254, 87 L. Ed. 2d 313 (1985). In order to assert a viable equal protection claim, Plaintiff must first make a threshold showing that she was treated differently from others who were similarly situated to her. *See* Nordlinger v. Hahn, 505 U.S. 1, 112 S. Ct. 2326, 2331, 120 L. Ed. 2d 1 (1992); Hendking v. Smith, 781 F.2d 850 (11th Cir. 1986). Plaintiff must also allege Defendant acted with the intent to discriminate against her. *See* McClesky v. Kemp, 481 U.S. 279, 292, 107 S. Ct. 1756, 1767, 95 L. Ed. 2d 262 (1987); E & T Realty v. Strickland, 830 F.2d 1107, 1113 (11th Cir. 1987). Conclusory allegations or assertions of personal belief of disparate treatment or

---

[3] The online docket of the Escambia County Clerk of Court indicates that Plaintiff filed a small claims action against the Warrington Fire Department on April 29, 2005. *See* http://www.escambiaclerk.com. A non-jury trial was held on July 18, 2005, which resulted in final judgment for the Fire Department. *Id.*

[4] The undersigned cites Mickens only as persuasive authority and recognizes that the opinion is not considered binding precedent. *See* 11th Cir. R. 36-2.

Case No. 3:10cv279/RV/EMT

discriminatory intent are insufficient. GJR Investments, Inc. v. County of Escambia, 132 F.3d 1359, 1367-68 (11th Cir. 1998); Coon v. Georgia Pacific Corp., 829 F.2d 1563, 1569 (11th Cir. 1987).

In the instant case, Plaintiff has failed to allege facts showing she was treated differently than others who were similarly situated. Furthermore, she has failed to allege sufficient facts showing discriminatory intent. Plaintiff states, "I feel like if I had been any other color beside [sic] black, amlances [sic], fire trucks and state troopers, police and the new reports [sic] would have been everywhere, but since I was black it don't [sic] matter at all to anyone." (Doc. 7 at 4). However, as previously stated, this conclusory assertion of Plaintiff's personal belief of discriminatory intent is insufficient to state an equal protection claim.

Finally, it is apparent from the face of the complaint that the claim is time-barred. Because Section 1983 does not contain a specific statute of limitations, Section 1988 directs courts to select and apply the most appropriate or analogous state statute of limitations. The Supreme Court has further stated that courts should select the statute of limitations in each state that applies to tort actions for the recovery of damages for personal injury. Wilson v. Garcia, 471 U.S. 261, 276, 280, 105 S. Ct. 1938, 85 L. Ed. 2d 254 (1985), *superceded by statute as recognized in,* Jones v. R.R. Donnelley & Sons Co., 541 U.S. 369, 382, 124 S. Ct. 1836, 1845, 158 L. Ed. 2d 645 (2004). "[W]here state law provides for multiple statutes of limitations for personal injury actions, courts considering § 1983 claims should borrow the general or residual statute for personal injury actions." Owens v. Okure, 488 U.S. 235, 249–50, 109 S. Ct. 573, 582, 102 L. Ed. 2d 594 (1989). Florida is a state with multiple statutes of limitations for personal injury actions; and Florida's residual limitations period is four (4) years. Baker v. Gulf & Western Industries, 850 F.2d 1480, 1481 (11th Cir. 1988); Grace v. Wainwright, 761 F. Supp. 1520 (M. D. Fla. 1991); *see* Fla. Stat. § 95.11(3) (2009).

A cause of action under Section 1983 accrues, and thereby sets the limitations clock running, when the plaintiff knows or should know (1) that she has suffered the injury that forms the basis of her complaint and (2) who has inflicted the injury. Chappell v. Rich, 340 F.3d 1279, 1283 (11th Cir. 2003). Based on the facts alleged in the complaint, Plaintiff knew or should have known on October 10, 2004, that she has suffered the injury that forms the basis of her complaint, and that Defendant Lynn inflicted the alleged injury. Therefore, the limitations clock began running on that date.

In Plaintiff's original complaint, she stated she was involuntarily committed to a mental health facility and incarcerated for a period of time since the October 4, 2004 incident (*see* Doc. 1). In the court's previous order directing her to file an amended complaint, the court advised Plaintiff of the limitations period and acknowledged that the period may be tolled by her previously adjudicated incapacity (*see* Doc. 5).[5] *See* Fla. Stat. Ann. § 95.051(1)(d) & (h). The court also noted that the website for the Clerk of Court for Escambia County, Florida, indicated that Plaintiff was arrested on March 10, 2005; she was found incompetent to proceed and committed to a residential mental health facility until February 14, 2006; on March 6, 2006, she pled nolo contendere to the charge of aggravated assault with a deadly weapon without intent to kill and sentenced to thirty-one (31) months in prison, with credit for 227 days. *See* http://www.escambiaclerk.com. Additionally, the website of the Florida Department of Corrections indicates that Plaintiff was received into DOC custody on March 23, 2006, and released on October 7, 2007. *See* http://www.dc.staste.fl.us. In her amended complaint, Plaintiff does not contend she is entitled to equitable tolling, nor does she reassert any facts suggesting she is entitled to it. However, excluding the period during which she was adjudicated incompetent, that is, March 10, 2005 to February 14, 2006, Plaintiff still filed this lawsuit beyond the four-year limit.[6] *See* Brotherhood of Locomotive Eng'rs and Trainmen Gen. Comm. of Adjustment CSX Transp. N. Lines v. CSX Transp., Inc., 522 F.3d 1190, 1194 (11th Cir. 2008) ("A Rule 12(b)(6) dismissal on statute of limitations grounds is appropriate only if it is apparent from the face of the complaint that the claim is time-barred.") (internal quotations and citations omitted); *see also, e.g.*, Bricker v. Cobb Cnty. Gov't & Pers., No. 10-10263, 2010 WL

---

[5] The court additionally advised her that her incarceration during a portion of the four-year limitations period did not entitle her to tolling, as that circumstance was not beyond her control or otherwise extraordinary, and she did not allege she made any diligent effort to pursue this action while she was incarcerated, or during the portion of the limitations period that she was not incarcerated or committed (*see* Doc. 5).

[6] The limitations period ran for 156 days from October 5, 2004 to March 10, 2005. It was tolled during her incapacity from March 10, 2005 to February 14, 2006. The limitations period then ran for 1,630 days from February 15, 2006 to August 3, 2010, the date the complaint was filed (*see* Doc. 1 at 1). This § 1983 action was thus commenced nearly one year (362 days) late.

3817591 (11th Cir. Oct. 1, 2010) (unpublished). Therefore, the instant action is barred by the applicable statute of limitations.

Accordingly, it is respectfully **RECOMMENDED**:

1. That Plaintiff's claims be **DISMISSED** for failure to state a claim, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

2. That this case be **DISMISSED** and the clerk be directed to close the file.

At Pensacola, Florida this 7th day of October 2010.

/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations may be filed within fourteen (14) days after being served a copy thereof. Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control. A copy of objections shall be served upon the magistrate judge and all other parties. Failure to object may limit the scope of appellate review of factual findings.** *See* **28 U.S.C. § 636; United States v. Roberts, 858 F.2d 698, 701 (11th Cir. 1988).**